```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
```

| | |
|---|---|
| RODNEY A. HURDSMAN § <br> aka Rodney Adam Hurdsman § <br> (Williamson County SO# 15-16009)§ <br> § <br> § <br> VS.                                § <br> § <br> NFN CADELL, Deputy, Wise County § <br> Sheriff's Office, et al.        § | CIVIL ACTION NO.4:15-CV-703-Y |

ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION,
FINDING THAT PLAINTIFF IS BARRED FROM PROCEEDING
IN FORMA PAUPERIS UNDER 28 U.S.C. § 1915(g)
AND ORDERING PLAINTIFF TO PAY FULL FEES

This civil action was initiated by the filing of a civil complaint by Williamson County jail inmate Rodney A. Hurdsman. On September 24, 2015, the magistrate judge entered a findings, conclusions, and recommendation that Plaintiff not be allowed to proceed under 28 U.S.C. § 1915 because he previously incurred more than three "strikes" under 28 U.S.C. § 1915(g), and had not claimed in this case that he was under imminent danger of serous physical injury.[1] The report also recommended that Plaintiff be required to pay the full filing and administrative fees. The Court has made an independent review of the following matters in the above-styled and numbered cause:

   1.   The pleadings and record;

---

[1] As a result of the Prison Litigation Reform Act (PLRA) amendments to 28 U.S.C. 1915, section 1915(g) provides that a prisoner may not proceed in forma pauperis in a civil action if, on three or more occasions, the prisoner had a case dismissed as frivolous, malicious, or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C.A. § 1915(g)(West 2006).

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on September 24, 2015; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on October 16, 2015.

The Court, after **de novo** review, concludes that, for the reasons stated by the magistrate judge and as set forth herein, Plaintiff's objections must be overruled, Plaintiff is not entitled to proceed in forma pauperis, and must pay the filing fee.

More particularly, the Court notes that the magistrate judge listed three cases that qualify as § 1915(g) "strikes": *Hurdsman, et al. v. Wright, et al.,* No.4:15-CV-090-KGB-JJV, 2015 WL 1932250 (E.D. Ark. April 28, 2015)(Order adopting March 19, 2015 Findings and Recommendation to dismiss partial claims filed while in custody at Saline County Jail in Benton, Arkansas under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted); *Kolcun and Hurdsman, v. Deer, et al.,* No. 5:98-CV-0157-C (W.D. Ok. Nov. 24, 1998) (Order adopting October 23, 1998 Report and Recommendation dismissing claims under 42 U.S.C. § 1983 arising from the Oklahoma County Detention Center for failure to state a claim upon which relief may be granted); and *Hurdsman v. Wackenhut Corporation, et al.,* (W.D. Tex. April 5, 1999) (Order adopting September 30, 1998 report and recommendation to dismiss complaint arising from the Travis County Community Justice Center for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)).

Hurdsman now claims that the court in *Kolcun, et al. V. Deer,*

2

*et al.*, No.CIV-98-157-C, dismissed the case only for want of prosecution. A review of the report and recommendation in that case, however, shows that the court adopted a recommendation to dismiss the cause of action for failure to state a claim for relief under 42 U.S.C. § 1983. *Kolcun, et al. v. Dear, et al.*, No.5:98-CV-157-C (W.D. Ok. Oct. 23, 1998), *adopted,* (Order of Dismissal November 24, 1998). Thus, Hurdsman's objection to counting this case under 1915(g) is overruled.

Hurdsman also now challenges the finding that *Hursdman, et al. v. Wright, et al.*, No. 4:15-CV-090-KGB-JJV qualifies under § 1915(g) because the Court adopted the magistrate judge's recommendation as to some of the claims, stating: "All other claims are dismissed without prejudice from this action." *Hurdsman, et al. v. Wright, et al.*, 2015 WL 1932250, at *1. But, in that case the magistrate judge analyzed several claims, expressly employed the screening provision of 28 U.S.C. § 1915A(b), and issued findings that Plaintiff's claims that he received inadequate mental health care should be partially dismissed "without prejudice for failure to state a claim upon which relief may be granted."[2] *Hurdsman, et al. v. Wright, et al.*, 2015 WL 1932250, at *3, **5-6. In the concluding recommendation section, the magistrate judge included this claim as one to be dismissed without prejudice. *Id.*, at *7. The district judge adopted that recommendation with the same

---

[2] *See generally Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013)("A district court's partial dismissal of a complaint as frivolous, malicious, or for failure to state a claim 'counts as a strike under 28 U.S.C. § 1915(g)'")(citing *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)).

3

wording. *Id.,* at *1. Thus, the district judge's adoption of the magistrate judge's report to partially dismiss with the use of the phrase "dismissed without prejudice" was inclusive of the magistrate judge's analysis and findings that Plaintiff's mental health care claims should be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's objections are overruled.

Therefore, the findings, conclusions and recommendation of the magistrate judge are ADOPTED.

Plaintiff Rodney A, Hursdman aka Rodney Adam Hurdsman is not entitled to proceed *in forma pauperis* in this action. If plaintiff Hurdsman wishes to proceed with this action, he must pay to the clerk of Court the full filing and administrative fees of $400.00 within fourteen (14) days of the date of this order.[3] Plaintiff is advised that failure to timely pay the full filing and administrative fees to the clerk of Court could result in the dismissal of this action without further notice pursuant to Federal Rule of Civil Procedure 41(b).[4]

Signed December 9, 2015.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3] Although the Court would normally give an inmate plaintiff thirty days to pay a filing fee, as Plaintiff has previously been notified of the bar to filing under § 1915(g), the Court concludes that fourteen days to comply is sufficient.

[4] *See Hickerson v. Christian*, 283 F. App'x. 251 (5th Cir. 2008)(A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626 (1962)(a court may dismiss for lack of prosecution under its inherent authority).